# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| **CHRISTOPHER LOGAR,** | CASE NO. 1:21-CV-00305 |
| **Plaintiff,** | |
| -vs- | JUDGE PAMELA A. BARKER |
| **PHILLIP SAVELLI,** | |
| **Defendant.** | MEMORANDUM OF OPINION AND ORDER |

This matter comes before the Court upon the Motion for Default Judgment Against Defendant Phillip Savelli Under Rule 55(b) ("Motion for Default Judgment") of Plaintiff Christopher Logar ("Plaintiff"). (Doc. No. 6.) For the following reasons, Plaintiff's Motion for Default Judgment is GRANTED.

On February 5, 2021, Plaintiff filed a Complaint against Defendant Phillip Savelli ("Defendant"), seeking the recovery of unpaid wages. (Doc. No. 1.) In his Complaint, Plaintiff set forth a variety of claims under the Fair Labor Standards Act ("FLSA") and Ohio law. (*Id.*) Defendant was served with the Complaint on March 1, 2021. (Doc. No. 3.) On March 23, 2021, after Defendant failed to file a timely answer, Plaintiff requested the entry of default against Defendant, which the Clerk entered on March 24, 2021 pursuant to Fed. R. Civ. P. 55(a). (Doc. Nos. 4, 5.)

On May 4, 2021, Plaintiff filed a Motion for Default Judgment pursuant to Fed. R. Civ. P. 55(b). (Doc. No. 6.) Therein, Plaintiff seeks a total of $5,564.47 in damages based on 23.5 hours of unpaid work, minimum wage violations, and overtime violations under the FLSA and Ohio law. (*Id.* at 4-6.) In support of his request, Plaintiff has submitted a declaration attesting to the work he performed as an employee of Defendant, his hourly wage, and the hours for which he was not properly

compensated. (Doc. Nos. 6-3, 6-4.) Plaintiff also requests an award of attorneys' fees in the amount of $12,787.45 and costs in the amount of $402 pursuant to 29 U.S.C. § 216(b). (Doc. No. 6 at 6-9.) In support of this request, Plaintiff's counsel submitted a declaration attesting to the number of hours worked by members of his firm on the case and their hourly rate, as well as an itemized billing statement. (Doc. Nos. 6-1, 6-2.) Although Plaintiff calculates the lodestar amount as $16,820, Plaintiff requests only $12,787.45 in fees, recognizing that attorneys can always practice more efficiently. (Doc. No. 6 at 7.) Defendant has not responded to Plaintiff's Motion for Default Judgment.

Following the clerk's entry of default pursuant to Rule 55(a) and the party's motion for default judgment under Rule 55(b), "the complaint's factual allegations regarding liability are taken as true, while allegations regarding the amount of damages must be proven." *P&G Health & Longterm Disability Plan v. Molinary*, No. 1:18-cv-283, 2019 WL 358936, at *1 (S.D. Ohio Jan. 29, 2019) (quoting *Morisaki v. Davenport, Allen & Malone, Inc.*, No. 2:09-cv-298, 2010 WL 3341566, at *1 (E.D. Cal. Aug. 23, 2010)). Specifically, this Court is required to "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Osbeck v. Golfside Auto Sales, Inc.*, No. 07–14004, 2010 WL 2572713, at *4 (E.D. Mich. June 23, 2010). To do so, the civil rules "require that the party moving for a default judgment must present some evidence of its damages." *Mill's Pride, L.P. v. W.D. Miller Enterprises, LLC*, No. 2:07–cv–990, 2010 WL 987167, at *1 (S.D. Ohio Mar. 12, 2010).

Rule 55(b)(2) "allows but does not require the district court to conduct an evidentiary hearing" regarding damages. *Vesligaj v. Peterson*, 331 F. App'x 351, 354-55 (6th Cir. 2009). An evidentiary hearing is not required if the Court can determine the amount of damages by computation from the

2

record before it. *HICA Educ. Loan Corp. v. Jones*, No. 4:12 CV 962, 2012 WL 3579690, at *1 (N.D. Ohio Aug. 16, 2012). The Court may rely on affidavits submitted on the issue of damages. *Schilling v. Interim Healthcare of Upper Ohio Valley, Inc.*, No. CIV A 206-CV-487, 2007 WL 152130, at *2 (S.D. Ohio Jan. 16, 2007); *see also P&G Health & Longterm Disability Plan,* 2019 WL 358936, at *1.

Upon review of the record in this case, the Court finds that default judgment is warranted. The Court accepts the allegations set forth in the Complaint as true and, therefore, finds that Defendant is liable under the FLSA, the Ohio Minimum Fair Wage Standards Act, Article II, § 34a of the Ohio Constitution, and the Ohio Prompt Pay Act. Plaintiff's evidence is sufficient to establish damages in the amount of $5,564.47. Further, pursuant to 29 U.S.C. § 216(b), Plaintiff has submitted sufficient evidence to establish his entitlement to reasonable attorneys' fees and costs in the amount of $12,787.45 and $402, respectively.

Therefore, Plaintiff's Motion for Default Judgment (Doc. No. 6) is GRANTED. Default judgment is entered in Plaintiff's favor against Defendant for $5,564.47 in damages, $12,787.45 in attorneys' fees, and $402 in costs.

**IT IS SO ORDERED.**

Date: June 21, 2021

   *s/Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE